UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AQUENDIUS WALKER | CIVIL ACTION |
| VERSUS | NO. 20-2661 |
| DARREL VANNOY, WARDEN | SECTION "D" (2) |

## REPORT AND RECOMMENDATION

After Petitioner Aquendius Walker filed an appeal from this court's judgment denying his 28 U.S.C. § 2254 habeas corpus petition, the United States Fifth Circuit Court of Appeals issued a limited remand of this matter to the District Court solely to determine the date on which Walker delivered his notice of appeal to prison officials for mailing to a federal court. ECF Nos. 13, 14 & 15, at 2. The matter was referred to the undersigned Magistrate Judge for determination of the issue on remand. ECF No. 16.

This court issued a final Judgment dismissing Walker's habeas corpus petition with prejudice on June 14, 2021. ECF No. 13. On July 26, 2021, the clerk of this court received Walker's notice of appeal by electronic mail from the Louisiana State Penitentiary's Legal Programs Department. ECF No. 14, at 1, 3. Walker dated his signature and the certificate of service on the notice of appeal on July 11, 2021. *Id.* at 1, 2. However, the prison's official stamps reflect that the pleading was received from Walker on July 23, 2021. *Id.* at 1.

Upon its initial review of the appeal, the United States Fifth Circuit recognized that, for it to be timely, Walker should have filed a notice of appeal on or before July 14, 2021. ECF No. 15. Under FED. R. APP. PROC. 4(c)(1), a *pro se* prisoner's notice of appeal is deemed filed when it is delivered to prison officials for forwarding to a court.[1] *Id.* at 2. The record, however, did not

---

[1] *See Causey v. Cain*, 450 F.3d 601 (5th Cir. 2006).

provide adequate information to determine when Walker delivered his notice of appeal to prison officials for mailing. *Id*. Accordingly, the remand of the matter to this court followed.

To obtain more precise information, the undersigned issued an order directing Walker and the Warden of the Louisiana State Penitentiary, where Walker was housed at the time of the filing of the notice of appeal, to provide documentation or information establishing when Walker delivered his pleading to the prison officials for mailing to a federal court between and including July 11, 2021, and July 26, 2021. ECF No. 17, at 2. This Order required a response by February 3, 2022. Id.

As of this date, Walker has not responded to the order. However, on February 2, 2021, the court received a letter from Mail/Package Department Supervisor Lt. Cindy Vannoy indicating that inmate mail is picked up daily, Monday through Friday. ECF No. 18, at 2. The only exceptions are holidays and emergency closures, neither of which applied to dates relevant to Walker's notice of appeal. *Id*. Lt. Vannoy also stated that inmate mail is delivered to the Legal Programs Department for scanning on the same day it is picked up from the camp locations. *Id*. As for Walker's specific pleading, Lt. Vannoy indicates that, for it to have been delivered and scanned by the Legal Programs Department on July 23, 2021, "he would have had to place [it] in the mailbox sometimes after mail was picked up on Thursday, 07/22/2021." She further asserts that it is not possible for Walker to have placed mail in the mailbox on Sunday, July 11, 2021, and for it to not have been picked up and delivered to Legal Programs Department for eleven days. *Id*.

Accordingly, the best information available to the court is the information appearing in Lt. Vannoy's letter which indicates that Walker would have had to place his notice of appeal into the mailbox after mail was picked up on July 22, 2021, for it to have been received and scanned by

2

the Legal Programs Department on July 23, 2021. *Id*. Accordingly, based on the best available evidence, this Court cannot conclude that Walker deposited his notice of appeal on or before the July 14, 2021 appeal deadline.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that the District Judge notify the United States Fifth Circuit that, based on information received from the Louisiana State Penitentiary, Walker would have had to place his notice of appeal into the mailbox after mail was picked up on July 22, 2021, for it to have been received and scanned by the Legal Programs Department on July 23, 2021.

It is further **RECOMMENDED** that, pursuant to the remand order, the Court "return the case to [the United States Fifth Circuit] for further proceedings, or dismissal, as may be appropriate."[2]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[3]

New Orleans, Louisiana, this 11th day of February, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[2] ECF No. 15, at 2.
[3] *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.